COMMONWEALTH of Pennsylvania,
Appellant

v.

ONE (1) 2001 BMW VIN NO.
WBAFA53571LM72902
Ezquiel Santiago.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 14, 2005.

Decided Feb. 10, 2005.

Douglas J. Waltman, Jr., Asst. Dist. Attorney, Reading, for appellant.

Leon Ehrlich, Reading, for appellee.

BEFORE: COLINS, President Judge, PELLEGRINI, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Commonwealth of Pennsylvania, through the office of the Attorney General, appeals from an order of the Court of Common Pleas of Berks County (trial court) striking its April 15, 2003 order forfeiting a 2001 BMW belonging to Ezquiel Santiago (Santiago) to the Commonwealth and ordering instead that a lien in favor of the Barta–Berks Employees' Federal Credit Union (Credit Union) remain in full force with the Commonwealth to hold the BMW subject to the Credit Union's lien.

On April 1, 2002, the Credit Union loaned Santiago $51,892.16 to pay for a 2001 BMW, VIN NO. WBAFA53571LM72902 he purchased from Thompson Motors, Inc. On June 27, 2002, the Commonwealth applied for a seizure order for the BMW, and on July 12, 2002, it filed a petition for forfeiture.[1] On July 22, 2002, a rule to show cause was entered upon Santiago as to why the petition should not be granted. Because Santiago failed to respond to the petition, on April 15, 2003, the trial court issued an order that all of Santiago's claims of right, title and interest were declared to be terminated, revoked and rendered null and void and that the BMW was forfeited to the Commonwealth pursuant to the Controlled

---

1. The Commonwealth filed a petition for forfeiture because it contended that the BMW was acquired by proceeds derived from violations of Section 13 of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113.

Substances Forfeiture Act.[2] On June 18, 2004, the Credit Union filed a petition to enforce its bona fide security interest.

Before the trial court, the Commonwealth argued that its interest in the BMW attached first by virtue of obtaining a seizure order, seizing the BMW and filing a forfeiture petition before the Credit Union's security was perfected. The Credit Union, however, argued that it had a lien on the vehicle because the Pennsylvania Department of Transportation (PennDot) had issued a certificate of title for the BMW on July 23, 2002, identifying the Credit Union as a lienholder, thereby perfecting its interest first, and the Commonwealth's forfeiture proceeding did not destroy that lien. Further, it never received notice of the Commonwealth's procedure to forfeit the vehicle. Agreeing with the Credit Union, the trial court vacated its April 15, 2003 order, ordered that Santiago's interest remained forfeited; the lien in favor of the Credit Union remained in full force and effect; and the Commonwealth was to hold the BMW subject to the Credit Union's lien. This appeal by the Commonwealth followed.[3]

The Commonwealth contends that the trial court erred by vacating its April 15, 2003 order forfeiting Santiago's BMW because the Commonwealth failed to provide notice to the Credit Union. The Commonwealth does not allege that it contacted PennDot to find out if there was a lien on the vehicle, but instead argues that "a check of the title of the defendant/property on, or prior to, July 12, 2004, would not have revealed any interest in the property by the credit union or anyone else. That interest appears for the first time in the certificate of title issued on July 23, 2002, subsequent to the June 27, 2002 Seizure Warrant and Order, subsequent to the actual seizure of the defendant/property, and subsequent to the filing of a petition to forfeit the vehicle to the Commonwealth." (Commonwealth's brief at 7–8.) In effect, what the Commonwealth is arguing is that when it files a forfeiture petition, it has rights over bona fide lienholders who properly perfected their interests.

Section 6801(a)(4)(iii) of the Controlled Substances Forfeitures Act, 42 Pa.C.S. § 6801(a)(4)(iii), provides that "no bona fide security interest retained or acquired under 13 Pa.C.S. (relating to commercial code) . . . shall be subject to forfeiture or impairment." To perfect a bona fide security interest in a vehicle, the Uniform Commercial Code provides that the Motor Vehicle Code governs. *See First National Bank of Pennsylvania v. Cech,* 148 B.R. 244 (Bankr.W.D.Pa.1992). Specifically, 75 Pa.C.S. § 1132.1 provides:

(a) **Perfection.**—A security interest in a vehicle titled in this Commonwealth is perfected at the time the department [PennDot] receives all of the following:

(1) A completed application specifying the lienholder's name and address.

(2) An amount equal to or greater than the fee required by section 1953 (relating to security interest).

(3) The manufacturer's statement of origin or the existing certificate of title for the vehicle.

\* \* \*

(d) **Delivery of certificate of title.**— Upon perfection of a security interest in a vehicle, the department shall issue a certificate of title with the names of the

---

2. 42 Pa.C.S. §§ 6801–6802.

3. Our scope of review of the trial court's order is limited to determining whether its findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Commonwealth v. $23 320.00 United States Currency,* 733 A.2d 693 (Pa.Cmwlth.1999).

first two lienholders and indicate the number of additional lienholders existing at that time. The department shall mail the certificate of title to the first lienholder named in the certificate of title.

Under this provision, a security interest in a vehicle is perfected on the date PennDot receives the application, together with the other requisite information. If there are competing lienholders, the first party to file with PennDot has a perfected security interest and has priority over the other lienholders. In this case, we do not know the date the Credit Union's application was received by PennDot. However, the security interest was listed on the title on July 23, 2002, so, at the very least, its security interest had priority over any security interest not perfected before that date.

Notwithstanding all that, the Commonwealth contends that it had a security interest on July 12, 2002, the day it filed its forfeiture petition. What that contention ignores is that until a forfeiture petition is granted, it has no legal interest in the vehicle but only a potential interest. Until the vehicle is actually forfeited and PennDot receives notice of the forfeiture, all bona fide security interests filed in accordance with 75 Pa.C.S. § 1132.1(b) have priority over the Commonwealth's interest. Because forfeiture of the vehicle to the Commonwealth was ordered well after the Credit Union's security interest was perfected, the trial court properly found that the Commonwealth's interest was subject to the Credit Union's encumbrance.

Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 10th day of February, 2005, the order of the Court of Common Pleas of Berks County, dated July 22, 2004, is affirmed.